# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

Filed/Docketed
Aug 11, 2020

| | |
|---|---|
| IN RE:<br><br>SHELDON E. LANDON,<br><br>      Debtor. | Case No. 19-11005-M<br>Chapter 7 |
| DANIEL B. FORD, JR.,<br><br>      Plaintiff,<br><br>v.<br><br>SHELDON E. LANDON,<br><br>      Defendant. | Adversary No. 19-01039-M<br>(consolidated with Adv. 19-01040-M and 19-01041-M) |
| BLAIR M. TINGLEY,<br><br>      Plaintiff,<br><br>v.<br><br>SHELDON E. LANDON,<br><br>      Defendant. | Adversary No. 19-01040-M |
| JEFFREY S. ROBBINS,<br><br>      Plaintiff,<br><br>v.<br><br>SHELDON E. LANDON,<br><br>      Defendant. | Adversary No. 19-01041-M |

**MEMORANDUM OPINION**

Before the Court is the Motion for Summary Judgment (the "Motion"),[1] filed by Blair M. Tingley ("Tingley" or "Plaintiff"); a Response,[2] filed by Sheldon E. Landon ("Landon" or "Defendant"); and a Reply,[3] filed by Tingley. Tingley holds a state court judgment against Landon and filed this adversary proceeding to except it from discharge in Landon's present bankruptcy case. The following findings of fact and conclusions of law are made pursuant to Federal Rule of Bankruptcy Procedure 7056.

**Jurisdiction**

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b),[4] and venue is proper pursuant to 28 U.S.C. § 1409. Reference to the Court of this matter is proper pursuant to 28 U.S.C. § 157(a). Determination as to the dischargeability of a debt is a "core" proceeding as that term is defined in 28 U.S.C. § 157(b)(2)(I).

**Summary Judgment Standard**

The United States Court of Appeals of the Tenth Circuit has held that

> Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "An issue is 'genuine' if there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way." *Adler v. Wal–Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998). "An issue of fact is 'material' if under the substantive law it is essential to the proper disposition of the

---

[1] Docket No. 13. This adversary proceeding was previously consolidated with Adv. Proc. Nos. 19-01040-M and 19-01041-M. All references to the docket are to Adv. Proc. No. 19-01039-M, unless stated otherwise.

[2] Docket No. 33.

[3] Docket No. 39.

[4] Unless otherwise noted, all statutory references are to sections of the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq.*

claim." *Id*. Put differently, "[t]he question . . . is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Shero v. City of Grove*, 510 F.3d 1196, 1200 (10th Cir. 2007) (quotation omitted). "On summary judgment the inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986) (quotation omitted).

The Court will apply this standard to the Motion.

## Findings of Fact

Tingley is an individual who resides in Massachusetts and a judgment creditor of Landon. On May 14, 2019, Landon filed a petition for relief under chapter 7 of the United States Bankruptcy Code, Case No. 19-11005-M.

In 2013, Landon filed a Petition for Formal Probate and Appointment of Special Personal Representative in Massachusetts in Norfolk Probate and Family Court (the "Probate Court"), Docket No. NO-13P-1370 (the "Probate Action"). In the Probate Action, Landon was initially appointed personal representative of the estate of David Burton Manuel ("Manuel"), but Landon was later removed as personal representative. Tingley is the daughter of Manuel. On May 24, 2016, after three years of litigation, the Probate Court entered an order dismissing Landon's Petition for Formal Probate (the "Dismissal Order").[5] In the Dismissal Order, the Probate Court found:

> In this instance, [Landon], notwithstanding her health issues, has failed in good faith to obey the Court orders and cooperate with the other parties. As evidenced in the above procedural history, both [Tingley] and Special Representative, as well as the Court, have gone to great lengths to accommodate [Landon]. In response, [Landon] has refused to appear for her deposition, has yet to produce any of the documents requested by the Notice of Deposition, and has recently filed, without the aid of her own counsel, an additional motion to continue each scheduled event, including the deposition, document production, pre-trial and trial, for an additional

---

[5] Judgment of Dismissal and Memorandum of Order, Docket No. 45-2, at 505.

3

> sixty (60) days. The Court (Menno, J.) grants this very rare relief of dismissing [Landon]'s petition, striking her objections to [Tingley]'s petition, and entering a decree on [Tingley]'s Petition for Petition for [sic] Formal Adjudication of Intestacy.[6]

Following entry of the Dismissal Order, Tingley filed a motion for attorney fees (the "Motion for Attorney's Fees").[7] On January 6, 2017, the Probate Court entered an order allowing Tingley's Motion for Attorney's Fees (the "Fee Order").[8] The Fee Order included the following (relevant) statements:

> 2. [Landon] has continued to file repetitive, baseless and incorrect pleadings, pro se, while she has been represented by counsel. . . . The Court will not hear her five motions that she has attempted to have heard this day: Motion to Protection Order No more Hacking, Spying, Harassment; Motion to Re-Send and Deny Order to Dismiss This Case; Motion to Object to Remove Current Temporary Executorship; Motion to Amend Jurisdiction; Motion for Settlement.
>
> * * *
>
> 6. [Tingley]'s Motion for Costs, Expenses and Attorney Fees is allowed. [Landon] shall pay the amount of $25,000 to [Tingley] from the funds she shall eventually receive from the estate at issue, prior to her receiving said funds.
>
> 7. As I stated from the bench on January 5, 2017, this Court has ruled and entered Judgment in this case. [Landon] is an out-of-control litigant and this Court shall not tolerate any more of this behavior. Her remedy is in the Appeals Court. This Court shall enforce the gatekeeper order.[9]

---

[6] *Id*. at 512.

[7] Blair M. Tingley's Motion for Costs, Expenses and Attorney's Fees pursuant to Mass. R. Civ. P. 11 and 37, Docket No. 45-2, at 733.

[8] Order, Docket No. 45-2, at 783. In addition, the Probate Court filed a docket entry in the court record, which consisted of a copy of the Motion for Attorney's Fees with the Probate Court judge's signature over a court stamp reading: "The within Motion is hereby Allowed." Docket No. 45-2, at 787. Although this is likely the appealable court entry, the Court will disregard it for purposes of this opinion, since it provides no additional relief to the parties, and contains no independent statements by the Probate Court.

[9] Docket No. 45-2, at 783.

This $25,000 award of fees (the "Fee Award") to Tingley is the subject of this adversary.

Landon filed an untimely appeal of the Fee Order, but the lateness was excused and it was ultimately accepted for appeal.[10] After several more years of litigation, the Probate Court eventually issued a final order in the Probate Action (the "Final Account Order"). Landon also filed an appeal of that order. In conjunction with the Final Account Order, the Probate Court issued an Order to Stay, which states:

> This case has had extensive conflict and incurred significant legal expense. The Court is informed that other aspects of this case are on appeal. By agreement a Motion to Stay so much of the Judgment allowing the First and Final Account, as amended by interlineation, as reflects, payment to [Landon] of $25,000 reported to be a sanction imposed by Judge Menno is hereby stayed pending appeal.[11]

The Probate Action, including its various appeals, is currently stayed due to Landon's bankruptcy filing.

## Conclusions of Law

Tingley filed this adversary proceeding asserting that the attorney fee award represented by the Fee Order should be excepted from discharge pursuant to § 523(a)(6). In the Motion, Tingley alleges that facts necessary to support a finding of non-dischargeability have been established by the Dismissal Order and the Fee Order, and that this Court is prevented from reconsidering those issues under the doctrines of both claim preclusion and issue preclusion. Landon appears to object to many of the factual findings made by the Probate Court in the Fee

---

[10] Docket No. 45-2, at 859.

[11] Order on Account; Order to Stay, Docket No. 45-2, at 1462. *See also* Decree and Order of Allowance of Account, Docket No. 45-2, at 1463 ("So much of the judgment as reflects payment to [Landon] of Twenty Five Thousand Dollars reported to be a sanction owed by her and imposed by Judge Menno and on appeal is hereby stayed pending appeal.").

Order, and believes that no preclusion doctrines can apply because the order is currently subject to appeal.

The validity of a creditor's claim is determined by rules of state law.[12] When a federal court reviews the preclusive effect of a state court judgment, the full faith and credit statute directs a federal court to look to the preclusion law of the state in which the judgment was rendered.[13] Because the Fee Order was issued by a Massachusetts state court, I must decide what, if any, preclusive effect Massachusetts courts would accord the Fee Order. Massachusetts law recognizes two forms of preclusion presented by previous judgments: 1) claim preclusion, and 2) issue preclusion.[14]

*1. Claim preclusion*

"Claim preclusion makes a valid, final judgment conclusive on the parties and their privies, and prevents relitigation of all matters that were or could have been adjudicated in the action."[15] The elements of claim preclusion under Massachusetts law are: "(1) the identity or privity of the parties to the present and prior actions, (2) identity of the cause of action, and (3) prior final judgment on the merits."[16] The first element is clearly met here: Tingley and Landon were both parties to the Probate Action. Tingley's argument stumbles on the second element. The issue

---

[12] *Grogan v. Garner*, 498 U.S. 279, 283 (1991).

[13] 28 U.S.C. § 1738. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 293 (2005); *Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 380 (1985) (citing 28 U.S.C. § 1738).

[14] *Kobrin v. Bd. of Registration in Med.*, 832 N.E.2d 628, 634 (Mass. 2005).

[15] *Id.* (citations omitted).

[16] *DaLuz v. Dept. of Correction*, 746 N.E.2d 501, 505 (Mass. 2001).

before the Probate Court was whether Landon should be sanctioned for her behavior before that court. The issue before this Court is whether the Fee Award should be discharged in her bankruptcy case. Since *Brown v. Felsen*, the United States Supreme Court has been clear that *liability for a debt* and the *dischargeability of a debt* are sufficiently different legal claims that claim preclusion will not prevent a bankruptcy court from reviewing the judgment and record in a prior state court proceeding and looking beyond them when considering the dischargeability of a debt.[17] Because Tingley's claim of non-dischargeability was not litigated in the Probate Action, she has not met her burden to show that claim preclusion applies to this case.[18] The Court does not find grounds to grant summary judgment on the basis of claim preclusion.

2. Issue preclusion

Courts use the doctrine of issue preclusion to prevent the relitigation of issues or facts raised in a second suit on a separate claim between the parties. It is settled law that "the doctrine of issue preclusion, does, under appropriate circumstances, apply in discharge exception proceedings pursuant to § 523(a)."[19] In Massachusetts,

> collateral estoppel precludes relitigation of issues in prior actions between the parties or those in privity with those parties, provided the issues were actually litigated in the first action, and determined by a "final judgment on the merits." *Smith Barney, Inc. v. Strangie (In re Strangie),* 192 F.3d 192, 194 (1st Cir.1999). To apply the doctrine, a court must determine that: (1) there was a valid and final judgment on the merits in the prior adjudication; (2) the party against whom estoppel is asserted was a party (or in privity with a party) to the prior litigation; (3)

---

[17] *Brown v. Felsen*, 442 U.S. 127, 138–39 (1979) ("[W]e hold that the bankruptcy court is not confined to a review of the judgment and record in the prior state-court proceedings when considering the dischargeability of respondent's debt."). *See also In re Colokathis*, 417 B.R. 150, 157 (Bankr. D. Mass. 2009).

[18] Because the Court determines that the doctrine of claim preclusion does not apply, it does not reach the element of finality.

[19] *Grogan v. Garner*, 498 U.S. 279, at 285 n.11 (1991).

the issue in the prior adjudication is identical to the issue in the current litigation; and (4) the issue in the prior litigation was essential to the earlier judgment. *Alba v. Raytheon Co.,* 441 Mass. 836, 809 N.E.2d 516, 521 (2004) (citations omitted). The Supreme Judicial Court of Massachusetts has noted that "the 'guiding principle' in determining whether to allow a party to use collateral estoppel is whether the party against whom it is asserted had a 'full and fair opportunity to litigate the issue in the first action or [whether] other circumstances justify affording him an opportunity to relitigate the issue.'" *Treglia v. MacDonald,* 430 Mass. 237, 717 N.E.2d 249, 253 (1999) (quoting *Martin v. Ring,* 401 Mass. 59, 514 N.E.2d 663 (1987)).[20]

As the party asserting the doctrine of issue preclusion, Tingley has the burden of proving that all the requirements have been met.[21] "To meet this burden, the moving party must have pinpointed the exact issues litigated in the prior action and introduced a record revealing the controlling facts."[22] For an issue to be "essential to a judgment," it must have had a "bearing on the outcome of the case."[23] "If issues are determined but the judgment is not dependent upon the determinations, relitigation of those issues in a subsequent action between the parties is not precluded."[24]

---

[20] *In re Swasey*, 488 B.R. 22, 33 (Bankr. D. Mass. 2013) (quoting *Backlund v. Stanley-Snow (In re Stanley-Snow)*, 405 B.R. 11, 18 (1st Cir. BAP 2010). *See also In re Porcaro*, 545 B.R. 384 (1st Cir. BAP 2016); *Kobrin v. Bd. of Registration in Med.*, 832 N.E.2d 628, 634 (Mass. 2005).

[21] *In re Porcaro*, 545 B.R. at 395.

[22] *Id.* at 395-96 (citing *In re Bradley*, 466 B.R. 582 (1st Cir. BAP 2012).

[23] *Mullins v. Corcoran*, 1784CV02172BLS1, 2019 WL 6492593, at *3 (Mass. Super. Sept. 10, 2019) (unpublished) (citing *Jarosz v. Palmer*, 436 Mass. 526, 533, 766 N.E.2d 482, 489 (2002)).

[24] *Jarosz v. Palmer*, 766 N.E.2d at 489 (quoting Restatement (Second) of Judgments § 27 cmt. h (1982)).

### a. Finality and privity

The Fee Order was issued by a competent state court on motion of a party to the litigation.[25] Landon strenuously argues that the Motion is doomed because the Fee Order is currently on appeal, and therefore can have no preclusive effect in this Court. Tingley points to the case of *O'Brien v. Hanover Insurance Company*,[26] decided by the Supreme Judicial Court of Massachusetts, which held that "a trial court judgment is final and has preclusive effect regardless of the fact that it is on appeal."[27] Beyond reiterating the requirement that Tingley must hold a valid, final judgment, Landon provides no contrary authority.[28] Therefore, the Court finds that the Fee Order meets the requirement of finality under Massachusetts law, despite its current status on appeal. The Court also has little difficulty concluding that the parties to the Probate Action are the same parties to this proceeding, satisfying the second requirement for preclusion.

The remaining questions for this Court are whether the factual findings and legal conclusions Tingley seeks to establish were actually litigated in the Probate Action, whether those findings and conclusions are sufficiently identical to the elements of § 523(a)(6) that they should be deemed established by this Court, and whether those issues were essential to the award of attorney's fees in the Fee Order.

---

[25] Mass. Gen. Laws Ann. ch. 231, § 6E (West) (the term "court," as used in Mass. Gen. Laws ch. 231, §§ 6E to 6G includes any probate court).

[26] 692 N.E.2d 39, 44 (Mass. 1998).

[27] *Id*. at 43.

[28] *See* Corrected Response to Motion for Summary Judgment of Blair M. Tingley, at Docket No. 33, at 4.

### b. Actually litigated

Landon does not dispute that the award of attorney's fees was actually litigated in the Probate Action. After the Probate Court entered the Dismissal Order, Tingley filed the Motion for Attorney's Fees requesting a sanction against Landon, alleging that she had willfully disregarded court orders and failed to engage in discovery in good faith.[29] Landon, through counsel, filed an opposition.[30] After a hearing on the matter, the Probate Court issued the Fee Order, indicated that the Motion for Attorney's Fees was allowed, and that Landon should pay the award from funds she was due to receive from the Manuel estate.[31] The issue of an award of attorney's fees as a sanction against Landon was properly before the Probate Court when it made its decision, with notice and participation by both parties. The Fee Order indicates that the Probate Court held a hearing on the matter, although it does not recite appearances at the hearing. Under Massachusetts law, an issue is actually litigated, for purposes of issue preclusion, if the issue was "'subject to an adversary presentation and consequent judgment' that was not 'a product of the parties' consent . . . .'"[32] This Court finds the Fee Award was actually litigated for purposes of applying the doctrine of issue preclusion.

### c. Identical issues

Tingley bases her claim of non-dischargeability on § 523(a)(6) of the Bankruptcy Code, which provides that

---

[29] Motion for Attorney's Fees, Docket No. 45-2 at 733, 733.

[30] Opposition to Blair Tingley's Motion for Attorney's Fees, Docket No. 45-2 at 814.

[31] Order, Docket 45-2 at 783.

[32] *Jarosz v. Palmer*, 766 N.E.2d 482, 488 (Mass. 2002) (quoting *Keystone Shipping Co.* v. *New England Power Co.,* 109 F.3d 46, 52 (1st Cir.1997)).

> (a) A discharge under section 727, 1141, 1228(a), 1228(b) or 1328(b) of this title does not discharge an individual debtor from any debt —
> > (6) for willful and malicious injury by the debtor to another entity or the property of another entity.[33]

"Nondischargeability under 523(a)(6) requires proof of two elements–that the injury is both willful and malicious."[34] In the Tenth Circuit, in order for conduct to be willful under § 523(a)(6), "the debtor must desire . . . [to cause] the consequences of his act or . . . believe [that] the consequences are substantially certain to result from it."[35] The test is subjective: the creditor must prove "that the debtor either *intend the resulting injury* or intentionally take action that is *substantially certain to cause the injury*."[36] "For a debtor's actions to be malicious, they have to be intentional, wrongful, and done without justification or excuse."[37] "In sum, the 'willful and malicious injury' exception to dischargeability in § 523(a)(6) turns on the state of mind of the debtor, who must have wished to cause injury or at least believed it was substantially certain to occur. When injury was 'neither desired nor in fact anticipated by the debtor,' it is outside the scope of the statute."[38] In making this evaluation, "the court must determine what the debtor knew or intended with respect

---

[33] § 523(a)(6).

[34] *In re Shore*, 317 B.R. 536, 542 (10th Cir. BAP 2004) (citing *Panalis v. Moore (In re Moore)*, 357 F.3d 1125, 1129 (10th Cir. 2004)).

[35] *In re Moore*, 357 F.3d at 1129 (quoting *Mitsubishi Motors Credit of Am., Inc. v. Longley (In re Longley)*, 235 B.R. 651, 657 (10th Cir. BAP 1999)).

[36] *Id.* (emphasis added) (quoting *Hope v. Walker (In re Walker)*, 48 F.3d 1161, 1164 (11th Cir. 1995)).

[37] *In re Wormington*, 555 B.R. 794, 800 (Bankr. W.D. Okla. 2016).

[38] *In re Englehart*, No. 99-3339, 229 F.3d 1163, 2000 WL 1275614 (10th Cir. Sept. 8, 2000) (unpublished) (citing *Kawaauhau v. Geiger*, 523 U.S. 57, 62 (1998)).

to the consequences of his actions."[39]  The United States Supreme Court has held that § 523(a)(6) is restricted to "intentional torts," i.e., those that "require that the actor intend 'the *consequences* of an act,' not simply 'the act itself.'"[40]  In doing so, the Court found that "debts arising from recklessly or negligently inflicted injuries do not fall within the compass of § 523(a)(6)."[41]

The question before this Court is whether the findings and conclusions in the Fee Order are sufficient to establish the elements of "willful and malicious injury" under the standards set forth in § 523(a)(6).  The Court finds they are not.  The Court focuses on the section of the Fee Order that reads:

> 2. [Landon] has continued to file repetitive, baseless and incorrect pleadings, pro se, while she has been represented by counsel. . . . The Court will not hear her five motions that she has attempted to have heard this day: Motion to Protection Order No more Hacking, Spying, Harassment; Motion to Re-Send and Deny Order to Dismiss This Case; Motion to Object to Remove Current Temporary Executorship; Motion to Amend Jurisdiction; Motion for Settlement.
>
> * * *
>
> 6. [Tingley]'s Motion for Costs, Expenses and Attorney Fees is allowed. [Landon] shall pay the amount of $25,000 to [Tingley] from the funds she shall eventually receive from the estate at issue, prior to her receiving said funds.
>
> 7. As I stated from the bench on January 5, 2017, this Court has ruled and entered Judgment in this case. [Landon] is an out-of-control litigant and this Court shall not tolerate any more of this behavior. Her remedy is in the Appeals Court. This Court shall enforce the gatekeeper order.[42]

---

[39]  *In re Shore*, 317 B.R. at 542.

[40]  *Kawaauhau v. Geiger*, 523 U.S. 57, 61–62 (1998) (citing Restatement (Second) of Torts § 8A, cmt. a, at 15 (1964)).

[41]  *Id.* at 64.

[42]  Fee Order, Docket 45-2 at 783.

The Motion for Attorney's Fees requested sanctions under Massachusetts Rules of Civil Procedure 11, 37(b), and 37(d).[43] Each of those rules authorize sanctions for their willful violation.[44] Unfortunately for Tingley, the Probate Court did not outline which of these rules were the basis of the Fee Award. The Probate Court made no factual findings or legal conclusions related to the Fee Award, beyond noting that the Motion for Attorney's Fees was allowed and that they should be paid from Landon's share of the Manuel estate. From the Probate Court's allowance of the Motion for Attorney's Fees, we can deduce that 1) the court determined that Tingley had been injured as a result of some undefined act of Landon, and 2) the undefined act of Landon causing Tingley's injury was a willful violation of the court rules. The Probate Court makes no additional determinations of the specific factual allegations raised by Tingley in her motion regarding the severity or nature of the injury or the specific acts on which the Fee Award was based. Nor does the Probate Court reach the issue of Landon's state of mind with respect to Tingley's injury, i.e., whether Landon subjectively intended or was substantially certain that injury to Tingley would occur as a result of her action. While a court sanction for misconduct in litigation can be the basis for a finding of non-dischargeability under § 523(a)(6), evidence of the debtor's state of mind is required.[45] Beyond a finding that Tingley was injured, the Probate Court made no factual determinations related to the Fee Award that will satisfy the elements of a "willful and malicious

---

[43] Motion for Attorney's Fees, Docket No. 45-2 at 738.

[44] Mass. R. Civ. P. 11 & 37.

[45] *See In re Suarez*, 400 B.R. 732, 737 (9th Cir. BAP 2009), ("Section 523(a)(6) does not make 'contempt' sanctions nondischargeable *per se,* and neither does any other subpart of section 523(a). Whether contempt sanctions are nondischargeable accordingly depends not on whether they are labeled as 'contempt,' but on whether the conduct leading to them was "willful and malicious.") *aff'd,* 529 Fed. Appx. 832 (9th Cir. 2013) (unpublished).

injury" under § 523(a)(6). There is nothing in the Fee Order to preclude this Court from making its own determination of those issues. Therefore, the request for summary judgment based upon application of the doctrine of issue preclusion must be denied.

*c. Essential to the judgment*

In an effort to satisfy the elements of § 523(a)(6), Tingley directs the Court's attention to the other sections of the Fee Order that *do* address Landon's behavior. For example, the Probate Court found that "[Landon] has continued to file repetitive, baseless and incorrect pleadings, pro se, while she has been represented by counsel."[46] In this context it appears the Probate Court was merely explaining why it refused to hear the numerous motions filed by Landon. The referenced motions are not among those listed in the Motion for Attorney's Fees as being the basis of Tingley's injury. Similarly, the Fee Order included a remark by the Probate Court that "[Landon] is an out-of-control litigant and this Court shall not tolerate any more of this behavior."[47] Again, this statement does not describe an act that lead to Tingley's injury, but instead appears to be an explanation for the issuance of a gatekeeper order to prevent Landon from filing additional pleadings without permission. Although these statements clearly express frustration with Landon by the Probate Court, they do not appear to be directly connected, and therefore not essential, to the Fee Award.

Similarly, Tingley refers to language in the Dismissal Order to support her assertion that the Probate Court found Landon's behavior troublesome. But just as the unrelated statements in

---

[46] Fee Order, Docket 45-2 at 783.

[47] *Id.*

the Fee Order were not essential to the Fee Award, nor were any of the findings in the Dismissal Order, which was issued more than 7 months before.

The Court finds that under Massachusetts law, Tingley has not met her burden to show that the Fee Order contains findings of fact that are equivalent to the elements it must prove under § 523(a)(6). The doctrine of issue preclusion will not estop this Court from relitigating those issues. Therefore, summary judgment on the exception of the Fee Award from discharge must be denied.

## Conclusion

The Motion for Summary Judgment is denied. The Court finds that there are genuine disputes of material fact with regard to Landon's willful and malicious injury of Tingley. Those issues remain to be litigated in this forum.

A separate judgment consistent with this Memorandum Order is entered concurrently herewith.

Dated this 11th day of August, 2020.

BY THE COURT:

TERRENCE L. MICHAEL
UNITED STATES BANKRUPTCY JUDGE

7458v3