## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

Filed/Docketed
Aug 11, 2020

|  |  |
|---|---|
| IN RE:<br><br>**SHELDON E. LANDON,**<br><br>Debtor. | **Case No. 19-11005-M**<br>**Chapter 7** |
| **DANIEL B. FORD, JR.,**<br><br>Plaintiff,<br><br>v.<br><br>**SHELDON E. LANDON,**<br><br>Defendant. | **Adversary No. 19-01039-M**<br>**(consolidated with Adv. 19-01040-M and**<br>**19-01041-M)** |
| **BLAIR M. TINGLEY,**<br><br>Plaintiff,<br><br>v.<br><br>**SHELDON E. LANDON,**<br><br>Defendant. | **Adversary No. 19-01040-M** |
| **JEFFREY S. ROBBINS,**<br><br>Plaintiff,<br><br>v.<br><br>**SHELDON E. LANDON,**<br><br>Defendant. | **Adversary No. 19-01041-M** |

## MEMORANDUM OPINION

Before the Court is the Motion for Summary Judgment (the "Motion"),[1] filed by Jeffrey S. Robbins ("Robbins" or "Plaintiff"); a Response,[2] filed by Sheldon E. Landon ("Landon" or "Defendant"); and a Reply,[3] filed by Robbins.  Robbins holds a state court judgment against Landon and filed this adversary proceeding to except it from discharge in Landon's present bankruptcy case.  The following findings of fact and conclusions of law are made pursuant to Federal Rule of Bankruptcy Procedure 7056.

## Jurisdiction

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b),[4] and venue is proper pursuant to 28 U.S.C. § 1409.  Reference to the Court of this matter is proper pursuant to 28 U.S.C. § 157(a).  Determination as to the dischargeability of a debt is a "core" proceeding as that term is defined in 28 U.S.C. § 157(b)(2)(I).

## Summary Judgment Standard

The United States Court of Appeals of the Tenth Circuit has held that

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "An issue is 'genuine' if there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way." *Adler v. Wal–Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998). "An issue of fact is 'material' if under the substantive law it is essential to the proper disposition of the

---

[1]  Docket No. 14.  This adversary proceeding was previously consolidated with Adv. Proc. Nos. 19-01040-M and 19-01041-M.  All references to the docket are to Adv. Proc. No. 19-01039-M, unless stated otherwise.

[2]  Docket No. 35.

[3]  Docket No. 40.

[4]  Unless otherwise noted, all statutory references are to sections of the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq*.

claim." *Id*. Put differently, "[t]he question . . . is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Shero v. City of Grove*, 510 F.3d 1196, 1200 (10th Cir. 2007) (quotation omitted). "On summary judgment the inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986) (quotation omitted).

The Court will apply this standard to the Motion.

**Findings of Fact**

Robbins is an individual who resides in Massachusetts and a judgment creditor of Landon. On May 14, 2019, Landon filed a petition for relief under chapter 7 of the United States Bankruptcy Code, Case No. 19-11005-M.

In 2014, Landon filed suit against Daniel B. Ford, Jr. ("Ford") in Massachusetts Barnstable Probate and Family Court (the "Probate Court"), Docket No. BA14E0063QC, alleging claims that Ford breached duties he owed to Landon, who was the beneficiary of a certain trust over which Ford was trustee (the "Probate Action").  Robbins represented Ford in the Probate Action as legal counsel.  On December 30, 2016, the Probate Court issued an order setting the matter for trial to commence on April 27, 2017.[5]  The frustration of the Probate Court with the parties can be summed up in the following emphatic statement contained in the order setting trial:

> **The Plaintiff and Defendant are prohibited from filing any further Pleadings without first obtaining permission from the Court to do so. The Court will not accept any pleadings filed by [Landon], *pro se*.**

On April 25, 2017, two days before the commencement of trial, Landon, through counsel, filed a Motion to Continue the Trial Date (the "Motion to Continue") in the Probate Action, wherein she

---

[5]  Order, Docket No. 44-8, at 71.

3

requested a continuance of two months to accommodate newly retained counsel.[6]  The Probate

Court held a hearing and ruled on the Motion to Continue that same day (the "Fee Order").[7]

Landon was represented by counsel at the hearing.[8]  In addition to denying Landon's Motion to

Continue, the Probate Court made two hand-written annotations to the Fee Order:

> 1)  6,265.00 to be paid by Plaintiff [Landon] within 90 days to Atty Robbins.
> 2)  The Plaintiff [Landon] is Ordered to pay Attorney Jeffrey S. Robbins $6,265.00
> in legal fees for his appearance in Court today as the Court finds that the Filing of
> the Motion to Continue two days before trial was frivolous.

It is this award of attorney's fees (the "Fee Award") that Robbins seeks to be found excepted from

discharge in this proceeding.  As a result of the denial of the Motion to Continue, the Probate Court

went forward with the hearing on April 27, 2017, the details of which are not relevant here.  The

Probate Court ultimately dismissed Landon's complaint against Ford (the "Dismissal Order"),[9]

which is currently on appeal by Landon.  The Dismissal Order included the following reference to

the Fee Award:

> The Court notes, however, that on August 25, 2017 [sic], when assessing fees
> against the Plaintiff for the frivolous Motion to Continue, counsel for the Defendant
> informed the Court that his normal hourly rate for litigation was $895.00. Based
> upon that representation, the Court assessed fees of $6,265.00 against the Plaintiff,
> which represented 7 hours of billable time incurred by counsel for the Defendant in
> defending against the Motion to Continue, which the Court ultimately found was
> frivolous.[10]

---

[6]  Motion to Continue the Trial Date, Docket No. 44-8, at 91.

[7]  *Id*. at 93.

[8]  Notice of Limited Appearance, Docket No. 44-8, at 89.

[9]  Second Amended Judgment of Dismissal, Docket No. 44-9, at 246.

[10]  *Id.* at 252.  The Dismissal Order confuses April and August in some places, but from
the context, it is clear that it is discussing matters surrounding the April 27, 2017, trial.

Landon also alleges that the Fee Order is the subject of a pending appeal, which Robbins does not deny, but this Court cannot verify from the record.[11]

## Conclusions of Law

Robbins filed this adversary proceeding asserting that the Fee Award should be excepted from discharge pursuant to § 523(a)(6).  In the Motion, Robbins alleges that facts necessary to support a finding of non-dischargeability have been established by the Dismissal Order and the Fee Order, and that this Court is prevented from reconsidering those issues under the doctrines of both claim preclusion and issue preclusion.  Landon appears to object to the factual finding made by the Probate Court in the Fee Order that her Motion to Continue was frivolous, and believes that no preclusion doctrines can apply because she asserts that the order is currently subject to appeal.

The validity of a creditor's claim is determined by rules of state law.[12]  When a federal court reviews the preclusive effect of a state court judgment, the full faith and credit statute directs a federal court to look to the preclusion law of the state in which the judgment was rendered.[13] Because the Fee Order was issued by a Massachusetts state court, I must decide what, if any, preclusive effect Massachusetts courts would accord the Fee Order. Massachusetts law recognizes two forms of preclusion presented by previous judgments: 1) claim preclusion, and 2) issue preclusion.[14]

---

[11]  Upon request of this Court, Robbins filed a copy of the judgment roll from the Probate Action in this proceeding.  *See* Docket No. 44.

[12]  *Grogan v. Garner*, 498 U.S. 279, 283 (1991).

[13]  28 U.S.C. § 1738.  *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 293 (2005); *Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 380 (1985) (citing 28 U.S.C. § 1738).

[14]  *Kobrin v. Bd. of Registration in Med.*, 832 N.E.2d 628, 634 (Mass. 2005).

*1. Claim preclusion*

"Claim preclusion makes a valid, final judgment conclusive on the parties and their privies, and prevents relitigation of all matters that were or could have been adjudicated in the action."[15] The elements of claim preclusion under Massachusetts law are: "(1) the identity or privity of the parties to the present and prior actions, (2) identity of the cause of action, and (3) prior final judgment on the merits."[16]   Landon was a party in the Probate Action, and Robbins was in sufficient privity with Ford, as his counsel, in that action to satisfy the first element.   Robbins's argument stumbles on the second element.   The issue before the Probate Court was whether Landon should be sanctioned for her behavior before that court.   The issue before this Court is whether the Fee Award should be discharged in her bankruptcy case.   Since *Brown v. Felsen*, the United States Supreme Court has been clear that *liability for a debt* and the *dischargeability of a debt* are sufficiently different legal claims that claim preclusion will not prevent a bankruptcy court from reviewing the judgment and record in a prior state court proceeding and looking beyond them when considering the dischargeability of a debt.[17]   Because Robbins's claim of non-dischargeability was not litigated in the Probate Action, he has not met his burden to show that

---

[15] *Id.* (citations omitted).

[16] *DaLuz v. Dept. of Correction*, 746 N.E.2d 501, 505 (Mass. 2001).

[17] *Brown v. Felsen*, 442 U.S. 127, 138–39 (1979) ("[W]e hold that the bankruptcy court is not confined to a review of the judgment and record in the prior state-court proceedings when considering the dischargeability of respondent's debt."). *See also In re Colokathis*, 417 B.R. 150, 157 (Bankr. D. Mass. 2009).

claim preclusion applies to this case.[18]   The Court does not find grounds to grant summary judgment on the basis of claim preclusion.

*2. Issue preclusion*

Courts use the doctrine of issue preclusion to prevent the relitigation of issues or facts raised in a second suit on a separate claim between the parties.  It is settled law that "the doctrine of issue preclusion, does, under appropriate circumstances, apply in discharge exception proceedings pursuant to § 523(a)."[19]  In Massachusetts,

> collateral estoppel precludes relitigation of issues in prior actions between the parties or those in privity with those parties, provided the issues were actually litigated in the first action, and determined by a "final judgment on the merits." *Smith Barney, Inc. v. Strangie (In re Strangie),* 192 F.3d 192, 194 (1st Cir.1999). To apply the doctrine, a court must determine that: (1) there was a valid and final judgment on the merits in the prior adjudication; (2) the party against whom estoppel is asserted was a party (or in privity with a party) to the prior litigation; (3) the issue in the prior adjudication is identical to the issue in the current litigation; and (4) the issue in the prior litigation was essential to the earlier judgment. *Alba v. Raytheon Co.,* 441 Mass. 836, 809 N.E.2d 516, 521 (2004) (citations omitted). The Supreme Judicial Court of Massachusetts has noted that "the 'guiding principle' in determining whether to allow a party to use collateral estoppel is whether the party against whom it is asserted had a 'full and fair opportunity to litigate the issue in the first action or [whether] other circumstances justify affording him an opportunity to relitigate the issue.'" *Treglia v. MacDonald,* 430 Mass. 237, 717 N.E.2d 249, 253 (1999) (quoting *Martin v. Ring,* 401 Mass. 59, 514 N.E.2d 663 (1987)).[20]

---

[18]   Because the Court determines that the doctrine of claim preclusion does not apply, it does not reach the element of finality.

[19]   *Grogan v. Garner*, 498 U.S. 279, at 285 n.11 (1991).

[20]   *In re Swasey*, 488 B.R. 22, 33 (Bankr. D. Mass. 2013) (quoting *Backlund v. Stanley-Snow (In re Stanley-Snow)*, 405 B.R. 11, 18 (1st Cir. BAP 2010).  *See also In re Porcaro*, 545 B.R. 384 (1st Cir. BAP 2016); *Kobrin v. Bd. of Registration in Med.*, 832 N.E.2d 628, 634 (Mass. 2005).

As the party asserting the doctrine of issue preclusion, Robbins has the burden of proving that all the requirements have been met.[21] "To meet this burden, the moving party must have pinpointed the exact issues litigated in the prior action and introduced a record revealing the controlling facts."[22] For an issue to be "essential to a judgment," it must have had a "bearing on the outcome of the case."[23] "If issues are determined but the judgment is not dependent upon the determinations, relitigation of those issues in a subsequent action between the parties is not precluded."[24]

    *a. Finality and privity*

The Fee Order was issued by a competent state probate court.[25] Landon strenuously argues that the Motion is doomed because the Fee Order is currently on appeal, and therefore can have no preclusive effect in this Court. Robbins points to the case of *O'Brien v. Hanover Insurance Company*,[26] decided by the Supreme Judicial Court of Massachusetts, which held that "a trial court judgment is final and has preclusive effect regardless of the fact that it is on appeal."[27] Beyond

---

[21] *In re Porcaro*, 545 B.R. at 395.

[22] *Id.* at 395-96 (citing *In re Bradley*, 466 B.R. 582 (1st Cir. BAP 2012).

[23] *Mullins v. Corcoran*, 1784CV02172BLS1, 2019 WL 6492593, at *3 (Mass. Super. Sept. 10, 2019) (unpublished) (citing *Jarosz v. Palmer*, 436 Mass. 526, 533, 766 N.E.2d 482, 489 (2002)).

[24] *Jarosz v. Palmer*, 766 N.E.2d at 489 (Mass. 2002) (quoting Restatement (Second) of Judgments § 27 cmt. h (1982)).

[25] Mass. Gen. Laws Ann. ch. 231, § 6E (West) (the term "court," as used in Mass. Gen. Laws ch. 231, §§ 6E to 6G includes any probate court).

[26] 692 N.E.2d 39, 44 (Mass. 1998).

[27] *Id.* at 43.

reiterating the requirement that Robbins must hold a valid, final judgment, Landon provides no contrary authority.[28]   Therefore, the Court finds that the Fee Order meets the requirement of finality under Massachusetts law, whether or not it is on appeal.[29]   The Court also has little difficulty concluding that Robbins was in sufficient privity with Ford in the Probate Action that the second requirement for preclusion is satisfied. This is bolstered by the fact that the Fee Order directed Landon to pay the sanction to Robbins directly.

The remaining questions for this Court are whether the factual findings and legal conclusions Robbins seeks to establish were actually litigated in the Probate Action, whether those findings and conclusions are sufficiently identical to the elements of § 523(a)(6) that they should be deemed established by this Court, and whether those issues were essential to the award of attorney's fees in the Fee Order.

### b. Actually litigated

Landon does not dispute that the award of attorney's fees was actually litigated in the Probate Action.  Leading up to the April 27, 2017, trial date, the parties were on notice by the Probate Court that any further pleadings filed without prior permission were prohibited.[30]   That notwithstanding, Landon, through counsel, filed the Motion to Continue without seeking permission of the Probate Court.  The Probate Court held a hearing at which Landon was represented by counsel.  The issue of an award of attorney's fees as a sanction against Landon was

---

[28]   *See* Corrected Response to Motion for Summary Judgment of Jeffrey S. Robbins, at Docket No. 35, at 5.

[29]   As stated *supra*, the Court can find nothing in the record to indicate that the Fee Order was appealed by Landon.  Under Massachusetts law, that fact is not relevant to the application of the doctrine of issue preclusion.

[30]   Docket No. 44-8, at 71.

9

properly before the Probate Court when it made its decision, with notice and participation by both parties.  In the Fee Order, the Probate Court made distinct, albeit brief, findings related to the award of attorney's fees to Robbins.  The Probate Court had the authority under Massachusetts law to enter the order.  The Fee Award was limited to Robbins's legal fees for his appearance in Court related to the Motion to Continue.  Under Massachusetts law, an issue is actually litigated, for purposes of issue preclusion, if the issue was "'subject to an adversary presentation and consequent judgment' that was not 'a product of the parties' consent. . . . '"[31]  This Court finds the Fee Award was actually litigated for purposes of applying the doctrine of issue preclusion.

   *c. Identical issues*

   Robbins bases his claim of non-dischargeability on § 523(a)(6) of the Bankruptcy Code, which provides that

> (a) A discharge under section 727, 1141, 1228(a), 1228(b) or 1328(b) of this title does not discharge an individual debtor from any debt —
>> (6)  for willful and malicious injury by the debtor to another entity or the property of another entity.[32]

"Nondischargeability under 523(a)(6) requires proof of two elements–that the injury is both willful and malicious."[33]  In the Tenth Circuit, in order for conduct to be willful under § 523(a)(6), "the debtor must desire . . . [to cause] the consequences of his act or . . . believe [that] the consequences

---

[31]   *Jarosz v. Palmer*, 766 N.E.2d at 488 (quoting *Keystone Shipping Co.* v. *New England Power Co.,* 109 F.3d 46, 52 (1st Cir. 1997)).

[32]   § 523(a)(6).

[33]   *In re Shore*, 317 B.R. 536, 542 (10th Cir. BAP 2004) (citing *Panalis v. Moore (In re Moore)*, 357 F.3d 1125, 1129 (10th Cir. 2004)).

are substantially certain to result from it."[34]  The test is subjective:  the creditor must prove "that the debtor either *intend the resulting injury* or intentionally take action that is *substantially certain to cause the injury*."[35]  "For a debtor's actions to be malicious, they have to be intentional, wrongful, and done without justification or excuse."[36]  "In sum, the 'willful and malicious injury' exception to dischargeability in § 523(a)(6) turns on the state of mind of the debtor, who must have wished to cause injury or at least believed it was substantially certain to occur. When injury was 'neither desired nor in fact anticipated by the debtor,' it is outside the scope of the statute."[37]  In making this evaluation, "the court must determine what the debtor knew or intended with respect to the consequences of his actions."[38]  The United States Supreme Court has held that § 523(a)(6) is restricted to "intentional torts," i.e., those that "require that the actor intend 'the *consequences* of an act,' not simply 'the act itself.'"[39]  In doing so, the Court found that "debts arising from recklessly or negligently inflicted injuries do not fall within the compass of § 523(a)(6)."[40]

---

[34]  *In re Moore*, 357 F.3d at 1129 (quoting *Mitsubishi Motors Credit of Am., Inc. v. Longley (In re Longley)*, 235 B.R. 651, 657 (10th Cir. BAP 1999)).

[35]  *Id.* (emphasis added) (quoting *Hope v. Walker (In re Walker)*, 48 F.3d 1161, 1164 (11th Cir. 1995)).

[36]  *In re Wormington*, 555 B.R. 794, 800 (Bankr. W.D. Okla. 2016).

[37]  *In re Englehart*, No. 99-3339, 229 F.3d 1163, 2000 WL 1275614 (10th Cir. Sept. 8, 2000) (unpublished) (citing *Kawaauhau v. Geiger*, 523 U.S. 57, 62 (1998)).

[38]  *In re Shore*, 317 B.R. at 542.

[39]  *Kawaauhau v. Geiger*, 523 U.S. 57, 61–62 (1998) (citing Restatement (Second) of Torts § 8A, cmt. a, at 15 (1964)).

[40]  *Id.* at 64.

The question before this Court is whether the findings and conclusions in the Fee Order are sufficient to establish the elements of "willful and malicious injury" under the standards set forth in § 523(a)(6).  The Court finds they are not.  The Court focuses on the hand-written notes made by the Probate Court on the Fee Order, which read:

> 1)  6,265.00 to be paid by Plaintiff [Landon] within 90 days to Atty Robbins.
> 2) The Plaintiff [Landon] is Ordered to pay Attorney Jeffrey S. Robbins $6,265.00 in legal fees for his appearance in Court today as the Court finds that the Filing of the Motion to Continue two days before trial was frivolous.

From this brief statement, we can say that the Probate Court determined: 1) Landon intentionally filed the Motion to Continue; 2) the filing of the Motion to Continue was frivolous; and 3) Robbins suffered injury to the tune of $6,265.00 for his time spent addressing Landon's motion.  Landon is estopped from challenging those issues in this proceeding.  Robbins has therefore established that 1) Landon committed an intentional act (filing of the frivolous Motion to Continue), and 2) Robbins suffered an injury (the unnecessary incurrence of legal fees).

With regard to the element of willfulness, the Probate Court made no subjective finding regarding Landon's state of mind, i.e., whether Landon filed the Motion to Continue with the *intent or substantial certainty* that it would harass Robbins (indirectly, through his client) or cause unnecessary delay or needless increase in the cost of litigation.  Robbins must prove not only that Landon *intended to act* (file the frivolous Motion to Continue), but that she also *intended to injure him* by her action (filed it with the intent or substantial certainty that Robbins and/or his client would be injured by harassment or unnecessary delay).  To say *any reasonable person* would have understood that an injury would result from her actions relies on an objective standard, which

courts in this circuit have routinely rejected.[41]  While a court sanction for misconduct in litigation

can be the basis for a finding of non-dischargeability under § 523(a)(6), evidence of the debtor's

state of mind is required.[42]

Similarly, with regard to whether Landon's action was malicious, we have only the Probate

Court's statement that the filing of the Motion to Continue was frivolous.  In order to grant

summary judgment for Robbins, this Court would have to find that the term frivolous has the legal

equivalence of the term malicious.[43]  Because no transcript of the hearing on the Motion to

Continue was provided, we have no additional insight into the Probate Court's reasons for issuing

the Fee Award, or whether Landon's actions rose to the level of maliciousness.

Facing almost identical facts, in *Hoffman v. Anstead (In re Anstead)*,[44] the United States

Bankruptcy Court for the Northern District of Ohio was asked to find that a sanction award by a

probate court precluded the bankruptcy court's inquiry into the dischargeability of the award under

---

[41]  *See Panalis v. Moore (In re Moore),* 357 F.3d 1125, 1129 (10th Cir. 2004)); *In re Englehart*, 229 F.3d at *3; *In re Shore*, 317 B.R. 536, 542 (10th Cir. BAP 2004); *Mitsubishi Motors Credit of Am., Inc. v. Longley (In re Longley)*, 235 B.R. 651, 657 (10th Cir. BAP 1999).

[42]  *See In re Suarez*, 400 B.R. 732, 737 (9th Cir. BAP 2009), ("Section 523(a)(6) does not make 'contempt' sanctions nondischargeable *per se,* and neither does any other subpart of section 523(a). Whether contempt sanctions are nondischargeable accordingly depends not on whether they are labeled as 'contempt,' but on whether the conduct leading to them was "willful and malicious.") *aff'd,* 529 Fed. Appx. 832 (9th Cir. 2013) (unpublished).

[43]  *See In re Wrenn*, 791 F.2d 1542 (11th Cir. 1986) (conclusion that action was frivolous was consistent with the possibility that defendant merely acted in reckless disregard of the rights of plaintiff; prior judgment awarding fees for "totally frivolous" claim did not meet § 523(a)(6) standard for summary judgment); *In re Rackley*, 502 B.R. 615, 632 (Bankr. N.D. Ga. 2013) ("O.C.G.A. § 9–15–14 permits a court to assess attorney's fees and costs of litigation against a party or an attorney that prosecutes a frivolous lawsuit or unnecessarily expands the proceeding by improper conduct. But intent to injure the other party is not a factual element of the claim under that section.").

[44]  436 B.R. 497 (Bankr. N.D. Ohio 2010).

§ 523(a)(6).  In that case, the court found that three acts by the debtor were frivolous, and that plaintiffs "were adversely affected by the frivolous acts of" the debtor.  The court's analysis is insightful:

> Sanctions awarded to a party in a prior proceeding based upon a debtor's frivolous conduct often serves as the basis to collaterally estop a debtor from litigating any issue regarding the dischargeability of the award in bankruptcy. *See, e.g., Raspanti v. Keaty (In re Keaty),* 397 F.3d 264 (5th Cir.2005) (award of sanctions for intentionally pursuing meritless litigation was nondischargeable debt). Yet, similar to the tort of conversion, *supra,* this is not an absolute, so that the doctrine of collateral estoppel will not necessarily apply to preclude a debtor from litigating matters pertaining to the dischargeability of an award of sanctions entered against him in a prior proceeding. *In re Wrenn,* 791 F.2d 1542, 1543–44 (11th Cir.1986) (frivolous lawsuit is not necessarily wrongful for purposes of 11 U.S.C. § 523(a)(6)). Instead, the salient issue, as always, regarding the application of the doctrine of collateral estoppel is whether the issue sought to be barred from litigation is identical to the issue actually litigated in the prior suit.
>
> Here, this necessary showing has not been demonstrated, with neither the findings made by the probate court, nor the statute upon which the probate court based its award of sanctions, lending themselves to a definitive conclusion that the issue sought to be litigated in this adversary, concerning the Debtor's intent, is identical to the issue decided by the probate court.
>
> First, and as was the situation with the first judgment, the second judgment rendered by the probate court for sanctions only went so far as to find that the Debtor's actions were frivolous for purposes of O.R.C. § 2323.51, and that the "Plaintiffs were adversely affected by the frivolous acts of" the Debtor. (Doc. No. 1, Ex. E.). No specific finding, however, was made by the court concerning the Debtor's subjective intent. Also, like with the first judgment, the state court was not required to make a finding regarding the Debtor's state of mind in order to impose sanctions.[45]

The *In re Anstead* court also analyzed the statute relied on by the probate court for its authority to award fees.  Although some of the conduct described by the statute could qualify under the § 526(a)(6) definition of malicious, by no means all of the described conduct qualified.  Without knowing which provisions the probate court relied on, the bankruptcy court was unable to find the

---

[45] *Id*. at 503.

specific intent to cause harm to the Plaintiffs was actually litigated.[46]  Finding that the sanction award judgment did not establish the debtor's state of mind to cause harm, the court declined to apply the doctrine of issue preclusion to the judgment.  In the present case, Robbins has not cited to the statutory authority relied on by the Probate Court to issue the Fee Award, nor provided any argument that it will provide additional support to his case.

###### d. Essential to the judgment

In an effort to find language to satisfy the elements of § 523(a)(6), Robbins directs the Court's attention to the other orders issued by the Probate Court that *do* address Landon's behavior. For example, Robbins attached a copy of the Dismissal Order to support his assertion that the Probate Court found Landon's behavior troublesome.  While the Dismissal Order does make direct reference to the Fee Award, it merely repeats that Robbins was compensated for defending against Landon's frivolous Motion to Continue.  Beyond discussing how the Probate Court calculated the Fee Award, it does not add any new relevant details.  None of the other unrelated statements in the Dismissal Order, which focused on Landon's behavior throughout the proceeding and specifically at the hearing held on April 27, 2017, were essential to the Fee Award.

The Court finds that under Massachusetts law, Robbins has not met his burden to show that the Fee Order makes findings of fact that are equivalent to the elements he must prove under § 523(a)(6).  The Court finds no evidence that the issue of Landon's specific intent to cause harm to Robbins was actually litigated or determined by the Probate Court, thereby precluding the entry

---

[46] *Id*. at 504.  *See also In re Rackley*, 502 B.R. at 632; *In re Kalmerton*, 12-20544, 2012 WL 5386299, at *6 (Bankr. E.D. Wis. Nov. 1, 2012) ("All of this shows that the debtor acted intentionally, but it does not show that he acted maliciously, with intent to do unjustifiable harm to the [creditor], as opposed to furthering his own interests, as he argues. Intent of that nature requires a hearing, and summary judgment cannot be granted on this record.").

of summary judgment in Robbins's favor.  The doctrine of issue preclusion will not estop this Court from relitigating that issue.  Therefore, summary judgment on the exception of the Fee Award from discharge must be denied.

## Conclusion

The Motion for Summary Judgment is denied.  Although the Court finds that the doctrine of issue preclusion will prevent the relitigation of certain factual issues in this proceeding, as described herein, genuine disputes of material fact remain with regard to Landon's willful and malicious injury of Robbins.  Those issues must be litigated in this forum.

A separate judgment consistent with this Memorandum Order is entered concurrently herewith.

Dated this 11th day of August, 2020.

BY THE COURT:

TERRENCE L. MICHAEL
UNITED STATES BANKRUPTCY JUDGE

7463v4

16